UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAFIQUE JIWANI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:13-cv-4243-M |
| § | |
| UNITED CELLULAR, and POONJA § | |
| CORPORATION, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION & ORDER

Before the Court is the Motion to Remand [Docket Entry #14] filed by Plaintiff Rafique Jiwani. For the reasons stated below, the Motion is **GRANTED**.

### I.   BACKGROUND

On October 24, 2012, Plaintiff filed this action in state court, asserting claims for breach of fiduciary duty, conversion, and civil theft. On September 3, 2013, Plaintiff filed his First Supplemental Petition, asserting duress in response to Defendants' affirmative defense of the statute of limitations. On September 5, 2013, Plaintiff sought leave from the state court to file his First Amended Petition, to add claims for fraud and fraudulent inducement, and to name an additional party as a defendant. On September 10, 2013, the state court granted summary judgment to Defendant United Cellular on the breach of fiduciary duty, conversion, and civil theft claims against it. On October 17, 2013, the state court granted Plaintiff leave to file his First Amended Petition. However, before Plaintiff did so, on October 21, 2013, United Cellular removed the case to this Court, asserting that Plaintiff's fraud claims required an interpretation of Section 212(n) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1182(n), and thus created federal question jurisdiction. On November 20, 2013, Plaintiff moved to remand, arguing

that United Cellular's removal was procedurally improper and that there is no federal question.

## II. LEGAL STANDARD

A party may remove any state court action in which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). District courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removing party bears the burden of establishing jurisdiction. *Shearer v. Sw. Serv. v. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). In considering a motion to remand, a court is to resolve issues of material fact in the plaintiff's favor, and any doubts must be resolved against removal. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## III. ANALYSIS

### A. Motion to Remand

The party seeking removal must do so within thirty days of being served with a pleading, summons, or the first document from which "it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(2)(B), (b)(3). Given that the state court granted Plaintiff leave to amend his pleading, but no such amendment was filed prior to removal, the live pleadings were the First Supplemental Petition and the Original Petition. United Cellular did not remove the case within thirty days of the filing of the First Supplemental Petition, and removal is thus untimely unless it dates from the Order granting permission to amend.

United Cellular argues that it ascertained from the state court's Order granting Plaintiff leave to file an amended petition that the case was removable. However, that Order merely "granted [Plaintiff] leave of court to file [his] amended pleading." In contrast to what occurred in the authorities cited by United Cellular, the court did not "constructively file", or deem filed, the amendment. Accordingly, while the Order stated that Plaintiff *could* amend his petition, Plaintiff

was under no obligation to do so, and thus Defendants could not ascertain that the case would become removable based on the Order. Accordingly, regardless of whether an amendment's new claims would create federal question jurisdiction, those claims were not at issue in this case at the time of removal, and thus could not serve as a basis for removal. *See Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405, 409-10 (6th Cir. 2008) (holding that "the time limit begins to run from the actual effective amendment of the complaint"); *Stuart v. Vill. of New Haven*, No. 09-CV-14128, 2009 WL 4065039, at *1 (E.D. Mich. Nov. 24, 2009) ("The case became removable when plaintiff actually filed her amended complaint, not when defendants received notice that plaintiff was contemplating doing so or had permission to do so, because it was only upon the filing of the amended complaint that a federal question existed in this case.").

Even if the proposed amendment had been filed, Plaintiff's proposed common law claims for fraud and fraudulent inducement do not present a federal question. A federal question arises when the "well-pleaded complaint establishes either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). Where, as here, on its face a pleading contains only state-law causes of action, that pleading creates federal question jurisdiction only when "(1) a federal right is an essential element of [a plaintiff's] state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 918 (5th Cir. 2001); *Doe v. Parish Day Sch. of Episcopal Church of the Transfiguration*, No. 3:12-CV-03703-M, 2013 WL 149663, at *1 (N.D. Tex. Jan. 11, 2013) (Lynn, J.).

In his proposed fraud claims, Plaintiff claims that Defendants represented that they would

sponsor Plaintiff on an H-1B visa,[1] employ plaintiff, and pay him various sums in connection with his work. Plaintiff asserts that he relied on these representations in moving his family from Pakistan to the United States, but that as things turned out, Plaintiff had to pay his own immigration and visa-related expenses and certain tax obligations, and that he was forced to repay to United Cellular portions of his salary, in response to threats he would have to return to Pakistan without his family if he did not do so. Defendants argue that these allegations require interpretation of the INA and raise substantial issues regarding federal immigration laws, so as to grant this Court federal jurisdiction. The Court disagrees.

The issues as Plaintiff frames them are whether Defendants knowingly or recklessly made the representations alleged by Plaintiff, whether those representations were false, whether they were material, whether Plaintiff relied on them, and whether they caused Plaintiff injury. *See Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter,* 607 F.3d 1029, 1032-33 (5th Cir. 2010).  The only aspect of Plaintiff's proposed claims that involves any question of federal law is Plaintiff's allegation that Defendants made material false representations "regarding his employment at a salary that met the Department of Labor requirements for a financial analyst"—*i.e.*, that Plaintiff would be paid, at a minimum, the "prevailing wage" for a financial analyst. The Court concludes that this issue does not require interpretation of the INA and is, furthermore, insubstantial. Determining whether the salary allegedly represented by Defendants, and the salary actually paid to Plaintiff, met the prevailing wage requirement is a factual inquiry that merely requires consulting the Foreign Labor Certification Data Center Online Wage Library, created by the Department of Labor's Bureau of Labor Statistics, to ascertain the Department of Labor's relevant prevailing wage at the time the representations

---

[1] Plaintiff asserts that he immigrated to the United States pursuant to an H-1B visa sponsored by Defendant Poonja Corporation in 2005, and that thereafter, his visa was sponsored by United Cellular.

were allegedly made and during Plaintiff's employment. *Prevailing Wages (PERM, H-2B, H-1B, H-1B1 and E-3)*, United States Department of Labor Employment and Training Administration, (last visited March 10, 2014), http://www.foreignlaborcert.doleta.gov/pwscreens.cfm. Further, to the extent Plaintiff would assert a claim for fraudulent inducement, federal immigration laws similarly need not be interpreted to resolve the claim, nor do they present a substantial question of federal law on whether Defendants made these representations to induce Plaintiff to enter into a contract. *See Kevin M. Ehringer Enters., Inc. v. McData,* 646 F.3d 321, 325 (5th Cir. 2011).

Plaintiff does not seek relief available only under federal law, nor does he give any other indication that he intends to assert a federal claim. *See Doe*, 2013 WL 149663, at *2. The Court finds that Plaintiff's proposed fraud claims do not require interpretation of the INA in order to resolve the case and do not raise a substantial issue of federal law. *See Kevin M. Ehringer Enters., Inc.*, 646 F.3d at 325; *Shandong*, 607 F.3d at 1032-33. Nor has United Cellular demonstrated that Congress has so completely preempted the area of Plaintiff's claim so "that any civil complaint raising this select group of claims is necessarily federal in character." *Arana v. Ochsner Health Plan,* 338 F.3d 433, 437 (5th Cir. 2003) (en banc) (citations omitted) (internal quotation marks omitted). Because the Court concludes that the resolution of Plaintiff's proposed claims does not require interpretation of the INA and that the case involves no substantial question of federal law, this case is **REMANDED** to the 116th District Court, Dallas County, Texas.

**B.    Attorney's Fees**

The Court further concludes that United Cellular lacked an objectively reasonable basis for seeking removal and therefore **ORDERS** it to pay Plaintiff his reasonable attorney's fees and costs incurred as a result of removal. *See* 28 U.S.C. 1447(c). Plaintiff shall submit, by affidavit,

documents establishing such fees and costs within twenty-one days of the date of this Order. United Cellular may respond within fourteen days thereafter.

    **SO ORDERED**.

March 10, 2014.

                                              **BARBARA M. G. LYNN**
                                              **UNITED STATES DISTRICT JUDGE**
                                              **NORTHERN DISTRICT OF TEXAS**