IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RAFIQUE JIWANI,

        **Plaintiff,**

v.                                                        Civil Action No. 3:13-CV-4243-M-BK

UNITED CELLULAR, INC., et al.,

        **Defendants.**

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This cause is presently before the Court for a recommendation on Plaintiff's *Motion for Attorneys' Fees*. Doc. 23. The parties have fully briefed the motion, and Plaintiff has submitted to the Court for *in camera* review unredacted billing records for the time period for which he seeks attorneys' fees. Doc. 23; Doc. 24; Doc. 25. For the reasons that follow, Plaintiff's motion should be **GRANTED** to the extent that Defendant United Cellular ("Defendant") is **ORDERED** to pay Plaintiff's attorneys' fees in the amount of $30,566.00 plus costs of $556.40.

## A.  Procedural History[1]

In October 2012, Plaintiff filed this action in state court against Defendant, his former employer, asserting claims for breach of fiduciary duty, conversion, and civil theft. In September 2013, Plaintiff filed his First Supplemental Petition, asserting duress in response to Defendant's affirmative defense of the statute of limitations. Shortly thereafter, Plaintiff sought leave from the state court to file his First Amended Petition to add claims for fraud and fraudulent inducement and to add a defendant. That same month, the state court granted summary judgment to Defendant on Plaintiff's breach of fiduciary duty, conversion, and civil theft claims. The state court also granted Plaintiff leave to file his First Amended Petition.

---

[1] Unless otherwise noted, the facts set forth in this section are taken from the District Judge's order granting Plaintiff's *Motion to Remand*. Doc. 22.

However, before Plaintiff did so, Defendant removed the case to this Court, asserting that

Plaintiff's fraud claims required an interpretation of Section 212(n) of the Immigration and

Nationality Act ("INA"), and thus created federal question jurisdiction.

In his proposed fraud claims, Plaintiff averred that the Defendants represented to him that

they would sponsor him on an H-1B visa, employ him, and pay him various sums in connection

with his work.  Plaintiff asserted that he relied on those representations when moving his family

from Pakistan to the United States, but that as things turned out, Plaintiff had to pay his own

immigration and visa-related expenses and certain tax obligations, and he was forced to repay to

Defendant portions of his salary in response to threats that he would have to return to Pakistan

without his family if he did not do so.

In November 2013, Plaintiff moved to remand the case to state court, arguing that (1)

Defendant's removal was procedurally improper; and (2) there was no federal question.

Defendant argued in opposition to Plaintiff's remand motion that his fraud allegations required

interpretation of the INA and raised substantial issues regarding federal immigration laws so as

to grant this Court federal jurisdiction.

The District Judge rejected Defendant's arguments and remanded the case to state court.

Doc. 22 at 4-5.  Additionally, the District Judge *sua sponte* concluded that Defendant lacked an

objectively reasonable basis for seeking removal and therefore ordered it to pay Plaintiff's

reasonable attorneys' fees and costs incurred as a result of the removal.  Doc. 22 at 5 (citing 28

U.S.C. 1447(c)).  Pursuant to the District Judge's order, Plaintiff has submitted, by affidavit,

documents seeking to establish such fees and costs, Doc. 23, and Defendant has responded, Doc.

24.

**B.  Applicable Law**

An order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.   28 U.S.C. § 1447(c); *see also*

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005) (stating that section 1447(c) authorizes courts to award costs and fees, but only when such an award is just).  The standard for awarding fees turns on the reasonableness of the removal.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal" at the time removal was sought.  *Martin*, 546 U.S. at 141; *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004).  It is not necessary to show bad faith or other ulterior motive of the defendant to receive attorneys' fees under section 1447(c).  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).  The district court's decision to grant or deny attorneys' fees under section 1447(c) is discretionary. *Admiral Ins. Co. v. Abshire*, 574 F.2d 267, 280 (5th Cir. 2009).

**C.  Arguments and Analysis**

*1.  Reconsideration of Fee Award*

As an initial matter, Defendant requests that the Court reconsider its decision to render a fee award in Plaintiff's favor.  Doc. 24 at 2.  It argues, in relevant part, that the District Judge does not appear to have applied the correct test from *Grable & Sons Metal Products, Inc. v. Darue Eng'g Mfg.*, 545 U.S. 308 (2005) when determining whether Plaintiff's fraud claim presented a substantial federal question.  Doc. 24 at 4.  Defendant additionally maintains that the District Judge did not adequately consider and address its field preemption argument.  Doc. 24 at 4-5.

The *Grable* test asks whether the state law claim "necessarily raise[s] a stated federal issue." *Grable*, 545 U.S. at 314. Grable thus directs courts to examine the state law claim itself, not whether legal or factual determinations included in the state law claim may also be implicated in a parallel federal proceeding. *American Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 544 (5th Cir. 2012). While the District Judge did not cite to *Grable*, the court found that Plaintiff's fraud claims did not require the interpretation of federal law and did not raise a substantial issue of federal law, which is all that was required. Doc 22 at 5; *see Sabre, Inc.*, 694 F.3d at 544 (holding that because Sabre failed to show that American's state law claim necessarily raised a stated federal issue, the court would not address the remaining *Grable* prongs). Further, the District Court was not required to conduct an in-depth analysis of Defendant's preemption arguments despite the length of the arguments Defendant presented in its brief. *See, e.g.*, *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (a district court has the inherent power to manage and control its own docket in order to achieve the orderly and expeditious disposition of cases). Defendant has cited no authority to the contrary.

> *2. Amount of the Fee Award*

>> a. Parties' Arguments

As ordered by the Court, Plaintiff submitted the affidavit of one of his attorneys in support of his requested attorneys' fees. Doc. 23. Plaintiff contends, through counsel, that as a result of Defendant's removal of the case to this Court, he had to (1) address the basis for removal; (2) file a motion to remand; (3) prepare a joint status report for the Court; (4) prepare substantive responses to both Defendants' dismissal motions; and (5) prepare an expedited motion to stay deadlines because Defendant would not agree to Plaintiff's request to extend deadlines while the Court considered his remand motion. Doc. 23 at 1-2. Plaintiff asserts that all

attorneys' fees associated with these tasks are compensable because they would not have been necessary but for the removal. Doc. 23 at 2.

Plaintiff seeks fees in the amount of $36,709.90, opining, through counsel's affidavit, that the fee, which includes $556.40 in costs, is reasonable and fair. Doc. 23 at 3. Plaintiff seeks reimbursement for five attorneys: (1) Aaron Z. Tobin at a rate of $325.00 per hour; (2) Kendal B. Reed at a rate of $260.00 per hour; (3) Allison L. Grossman at a rate of $240.00 per hour; (4) Ashley E. Altick and Sarah Duff at a rate of $220.00 per hour; and (5) Dennis Siaw-Lattey at a rate of $200.00 per hour. Doc. 23 at 4. Plaintiff contends that these fees are in the range of usual and customary fees for similar work by similar attorneys. Doc. 23 at 4. Plaintiff also addresses the factors set forth in *Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeson*, 489 U.S. 87, 91-92 (1989). Doc. 23 at 4, 6-8.

Defendant objects that Plaintiff is not entitled to recover attorneys' fees expended in addressing Defendant's motion to dismiss and participating in docket control proceedings. Doc. 24 at 7. Further, Defendant contends that Plaintiff has not provided sufficient evidence of either the prevailing hourly rate or the reasonableness of the hours expended, which Defendant urges are excessive. Doc. 24 at 9-12. Lastly, Defendant argues that the Court should lower the amount of fees awarded through the application of several *Johnson* factors. Doc. 24 at 12-15.

Plaintiff replies that all fees he requests are directly related to Defendant's improper removal and his remand motion. Doc. 25 at 2. Plaintiff contends that fees related to Defendant's motion to dismiss and the preparation of Plaintiff's emergency motion to stay deadlines were necessitated by the rapidly-approaching deadline to respond to the dismissal motions and Defendant's refusal to agree to a stay pending a ruling on the remand motion. Doc. 25 at 2-3.

Plaintiff also submits that counsels' rates are equal to or below the market rate and his affidavit

fulfills the necessary requirements to prove this point.  Finally, Plaintiff maintains that the

number of hours billed was reasonable given the complexity of the issues.  Doc. 25 at 4-5.

b. Law Governing Attorneys' Fees Calculations

The Fifth Circuit employs a two-step process when determining an award of attorneys'

fees. *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010) (citing *Rutherford v.*

*Harris Cnty.,Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)).  The first step is the lodestar calculation,

"which is equal to the number of hours reasonably expended multiplied by the prevailing hourly

rate in the community for similar work." *Id.*  In evaluating the reasonableness of the number of

hours claimed, courts determine "whether the total hours claimed are reasonable [and] also

whether particular hours claimed were reasonably expended." *La. Power & Light Co. v.*

*Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995).  Any duplicative, excessive, or inadequately

documented time should be excluded from the lodestar calculation. *Jimenez*, 621 F.3d at 379-80.

The party seeking attorneys' fees bears the burden of establishing the prevailing market

rate for similar services. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).  Courts determine the

appropriate hourly rate based on the prevailing community standards for attorneys of similar

experience in similar cases. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011).

The burden is thus on Plaintiff to produce sufficient evidence that the requested rates are in line

with the prevailing rates in Dallas for similar services by attorneys of "reasonably comparable

skill, experience and reputation." *Id.* (citing *Blum*, 465 U.S. at 896).  Generally, the reasonable

hourly rate is established through affidavits submitted by other attorneys practicing in the

community. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citation omitted).  An

applicant also may establish reasonableness by directing the district court to fee awards in the

same district.  *See Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cnty.*, 752 F.2d 1063, 1073 (5th Cir. 1985) (noting that the plaintiff submitted the affidavit of her attorney which stated what he usually charged for similar work and directed the court's attention to similar fee awards in the district); *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 709 (S.D. Tex. 2012).

Following the calculation of the lodestar, the Court then must determine whether to adjust the fee on the basis of several other factors that may be of significance in the particular case.  *See Johnson*, 488 F.2d 714.  The *Johnson* factors consist of: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson*, 488 F.2d at 717-719).  Many of these factors typically are subsumed within the lodestar and should not be double-counted.  *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998).  There is a strong presumption that the lodestar represents the reasonable fee.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

c. Applicable Hourly Rate

In the case at bar, Plaintiff's counsel's affidavit does not indicate the level of experience of any of the attorneys for whom fee reimbursement is sought.  Nor does the affidavit contain any information about prevailing rates charged for similar services by attorneys of similar skill

levels in this area.  Further, Plaintiff has not submitted any affidavits from other attorneys

practicing in the area attesting to the reasonableness of the fees Plaintiff seeks.  Finally, Plaintiff

has failed to point the court to fee awards in this district that would provide the undersigned with

guidance in making a recommendation.  Thus, Defendant's objections to the lack of evidentiary

support for Plaintiff's fee request are well-founded.

Nevertheless, the District Judge has ordered that attorneys' fees be awarded – thus, the

undersigned's task is solely to recommend an appropriate amount.  Rather than request further

briefing from the parties on the point, however, the Court looks to the State Bar of Texas,

Department of Research & Analysis' 2011 Hourly Fact Sheet as a starting point for ascertaining

an appropriate hourly market rate for Plaintiff's counsel.  As other courts have found, it is

appropriate to take judicial notice of the Hourly Fact Sheet.  *See* FED. R. EVID. 201(b) (providing

that a court may take judicial notice of a fact that is not subject to reasonable dispute because it is

either "(1) generally known within the trial court's territorial jurisdiction, or (2) can be

accurately and readily determined by resort to sources whose accuracy cannot reasonably be

questioned."); *Davis v. Perry*, 991 F.Supp.2d 809, 847 (W.D. Tex. 2014) (noting that the

plaintiffs had provided no affidavits demonstrating that counsel's requested hourly rate was

within prevailing market rates for the district and taking judicial notice of the 2011 Hourly Fact

Sheet as well as awards in other cases) (citing *Miller v. Raytheon Co.*, 716 F.3d 138, 149 (5th

Cir. 2013) (holding that the district court is entitled to consider state bar surveys, fees in similar

cases, and the skills of the attorneys in setting an hourly rate)).  Moreover, the Court itself is an

expert in determining the reasonableness of an attorneys' hourly fee.  *See Primrose Operating

Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) ("[T]rial courts . . . are themselves

experts as to the reasonableness of attorneys' fees.").

The Court classifies the dispute in this case as falling into the labor/employment law category.  According to the Hourly Fact Sheet, the state-wide median hourly rate for cases in that category is $259.00.  Consistent with that number, the median hourly rate charged by firms with between six and ten attorneys (the size of Plaintiff's counsels' firm) for such cases in the Dallas metropolitan area is also $259.00.  Notably, that figure is significantly less than the prevailing rates awarded to labor and employment attorneys in other cases in this district.  *See Black v. SettlePou, P.C.*, No. 10-cv-1418-K, 2014 WL 3534991, *5 (N.D. Tex. 2014) (Kinkeade, J.) (finding that rates of $375.00 and $450.00 per hour were reasonable); *Wherley v. Schellsmidt*, No. 12-cv-242-D, 2014 WL 3513028, *2 (N.D. Tex. 2014) (Fitzwater, C.J.) (finding hourly rate of $325.00 reasonable); *Gafford v. Auction Driver Soln., LLC*, 2014 WL 1318429, *2 (N.D. Tex. 2014) (Lindsay, J.) (finding hourly rate of $350.00 reasonable).  Nevertheless, as discussed, Plaintiff did not address his attorneys' skills and experience or explain why the requested rates were reasonable.

Accordingly, the Court concludes that, for those attorneys who charge above $259.00 per hour, Plaintiff's recovery should be limited to the median hourly rate of $259.00 charged by Dallas area firms with between six and ten attorneys who work in labor and employment law. *See Hernandez v. Aleman Const., Inc.*, No. 10-cv-2229-BN, 2013 WL 5873289, *5 (N.D. Tex. 2013) (Horan, M.J.) (holding that counsel would be limited to the median rate where he did not demonstrate that his requested hourly fee was reasonable and did not discuss counsel's skill and experience); *Structural Metals, Inc. v. S & C Elec. Co.*, No. 09-cv-984-XR, 2013 WL 3790307, *10 (W.D. Tex. 2013) (taking judicial notice of the Hourly Fact Sheet and an attorney's experience in determining a reasonable hourly rate); *see also Primrose Operating*, 382 F.3d at 562.  For Plaintiffs' attorneys who bill below the median rate of $259 per hour, their usual

billable rates should apply as the Court finds, based on its expertise in determining reasonable attorneys' fees, that the rates are within reason even assuming that those attorneys are relatively inexperienced.  *Primrose Operating*, 382 F.3d at 562.

> d. Hours Expended

The party seeking an award must also establish that the number of hours expended is reasonable.  *Fluor Corp. v. Citadel Equity Fund Ltd.*, No. 08-cv-1556-B, 2011 WL 3820704, *5 (Boyle, J.) (N.D. Tex. 2011).  The Court may reduce the requested award if it finds that the hours billed are "excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 434 (1983). The Court should not evaluate "whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  *Fluor Corp.*, 2011 WL 3820704, at *5 (citing *Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)*).

Further, if remand is ordered under section 1447(c) and the court determines that an award of fees is justified, the award is limited to those costs and fees "incurred as a result of removal."  The Court of Appeals for the Fifth Circuit has interpreted this language to limit the expenses that may be awarded under this section to "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co., 111 F.3d 30, 32 (5th Cir. 1997)*.  "By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred as a result of the removal."  *Id.* (internal quotations omitted).

A review of the docket sheet in this case reveals that immediately upon removal, on October 22, 2013, the District Judge ordered the parties to confer and provide the court with a joint report and proposed scheduling order pursuant to Rule 16(b) of the Federal Rules of Civil

Procedure.  Doc. 6.  By November 6 and 7, 2013, both Defendants had moved to dismiss

Plaintiff's complaint.  Doc. 10; Doc. 12.  On November 20, 2013, Plaintiff moved to remand the

case.  Doc. 14.  That same day, Plaintiff filed an expedited motion to stay, requesting that the

court stay his deadline to respond to the dismissal motions in light of his pending remand motion

or, alternatively, until the court had considered the motion to stay.  Doc. 15.  He noted that

Defendant had refused to agree to either extension request.  Doc. 15 at 2.  Indeed, Defendant

filed a brief opposing Plaintiff's motion for a stay.  Doc. 16.  On November 25, 2013, two days

before his response to Defendant's motion to dismiss was due, the District Judge stayed all

deadlines concerning the dismissal motions pending a ruling on Plaintiff's remand motion.  Doc.

17.

Upon consideration of the law and the parties' arguments, the undersigned concludes that

Plaintiff has demonstrated his entitlement to an award of attorneys' fees for participation in the

joint scheduling conference.  First, it is clear that the scheduling conference was ordered as a

direct result of the case being removed to this Court because the District Judge's order for joint

proposals was entered the day after the *Notice of Removal* was filed.  Such orders are commonly

entered upon the filing of a new case, and cases of the type at issue here are not exempt from the

entry of a scheduling order.  *See* N.D. TEX. L.R. 16.1 (listing the exclusive categories of cases

that are exempt from the scheduling and planning requirements of Rule 16(b)).  Accordingly, the

attorneys' fees Plaintiff incurred in participating in the joint scheduling conference proceedings

in this Court would not have been incurred had the case remained in state court.  *Avitts*, 111 F.3d

at 32.  As such, those fees are recoverable under section 1447(c).

Second, considering the speed with which the parties filed their motions, the Defendant's

refusal to agree to an extension of time, and the District Judge's entry of a stay order just two

days before Plaintiff's responses to the Defendants' dismissal motions were due, the Court also

concludes that Plaintiff may recover attorneys' fees for the motion to dismiss/motion to stay

stage of the proceedings as well.  *See Am. Airlines, Inc. v. Sabre, Inc.*, 2011 WL 3468418, *7

(N.D. Tex. 2011) (McBryde, J.) (awarding all attorneys' fees incurred in the district court

following improper removal, but denying fees incurred in anticipation of the removal).

　　Turning to the reasonableness of the number of hours Plaintiff incurred, the undersigned

has undertaken review of the pleadings and counsels' unredacted billing records.  The arguments

presented in Defendant's *Notice of Removal* and in opposition to Plaintiff's remand motion were

somewhat novel.  Moreover, there were nuances of the issues, including interrelated timeliness

arguments, two subject matter jurisdiction issues, and two preemption arguments.  In regard to

both Defendants' 30-page motions to dismiss, Plaintiff was faced with numerous challenges

brought under Federal Rules of Civil Procedure 12(b)(1) for lack of exhaustion of administrative

remedies and 12(b)(6) for failure to state a claim.  Doc. 10 at 7-8; Doc. 12 at 3-4.  On the whole,

Plaintiff's counsels' time billed was not unreasonable.  However, upon consideration, the Court

does find that there has been some duplication of effort.  Additionally, the undersigned cannot

say that some of the hours expended, such as time spent during settlement discussions, would not

have been incurred had the case remained in state court.  *Avitts*, 111 F.3d at 32.  Accordingly, the

billable hours expended should be reduced from 156.05 to 138.45, a total reduction of 17.6 hours

or 11.2%.[2]  Applying the reasonable hourly billing rate that the Court has calculated results in a

lodestar figure of $30,566.00.

---

[2] This reflects a reduction of hours from the following attorneys: Aaron Tobin – reduction of 9.2 hours; Kendal Reed – reduction of 3 hours; Allison Grossman – reduction of 5.4 hours.

e. Application of the *Johnson* Factors

Defendant argues that the Court should adjust the lodestar downward based on the first *Johnson* factor, the time and labor required.   However, as the Court of Appeals for the Fifth Circuit has explained, that factor already is "presumably fully reflected in the lodestar amount." Thus, adjustments are proper only in certain rare and exceptional cases supported by both specific evidence on the record and detailed findings by the lower court.  *Shipes v. Trinity Ind.,* 987 F.2d 311, 320 (5th Cir. 1993); *see also Heidtman v. Cty. Of El Paso,* 171 F.3d 1038, 1043 (5th Cir. 1999) (stating that the lodestar may not be adjusted upward or downward based on a *Johnson* factor if the creation of the lodestar already took that factor into account).  Accordingly, Defendant's request should be denied.

Defendant next asserts that the lodestar should be reduced under the second *Johnson* factor because the issues presented were not novel or complex as evidenced by the fact that the District Judge found the removal of the case to be objectively unreasonable.  Doc. 24 at 14.  The undersigned does not find these positions to be mutually exclusive, however.  Moreover, as with the first *Johnson* factor, the second factor is presumed to be reflected in the lodestar such that adjustments based on that factor are rarely appropriate.  *Shipes,* 987 F.2d at 320.  The requisite showing has not been made here.  The issues presented were by no means so simple and straightforward that a reduction of the lodestar is warranted.  This request should be denied.

Additionally, Defendant requests that the Court reduce the lodestar based on the ninth *Johnson* factor because only the lack of experience of Plaintiffs' counsel can explain why they expended 99 hours on the remand issue.  Doc. 24 at 14.  Again, the appellate court has greatly limited the use of the ninth factor, presuming it subsumed within the lodestar.  *Shipes,* 987 F.2d

at 320.  This is not the rare case where an adjustment to the lodestar based on this factor is warranted.  *Id.*

Finally, Defendant seeks a reduction of the lodestar based on the twelfth *Johnson* factor due to the size of the fee award that Plaintiff seeks in comparison to similar cases.  Doc. 24 at 14-15.  The cases that Defendant cites involving smaller awards, however, are distinguishable because the court either awarded counsel exactly the amount requested or the proceedings were not nearly as extensive as they were here.  Accordingly, no adjustment to the lodestar should be made based on this factor.

**D.  Conclusion**

For the foregoing reasons, Plaintiff's *Motion for Attorneys' Fees*, Doc. 23, should be **GRANTED** in the amount of $30,566.00 plus costs of $556.40.

**SO RECOMMENDED** on September 29, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

       A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE